```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                              17 CR 482 (JSR)

PETER G. JOHNSON, PETER B.
JOHNSON and THOMAS REICH,

               Defendant.

------------------------------x
                                          New York, N.Y.
                                          August 11, 2017
                                          2:00 p.m.

Before:

                    HON. JED S. RAKOFF,

                                          District Judge


                         APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
BENET KEARNEY
     Assistant United States Attorney

CRITCHLEY KINUM VAZQUEZ
     Attorneys for Defendant Peter G. Johnson
MICHAEL CRITCHLEY
AMY LURIA


STONE CONROY LLC
     Attorneys for Defendant Peter B. Johnson
SHALOM D. STONE


FASULO BRAVERMAN & DIMAGGIO
     Attorneys for Defendant Reich
SAM BRAVERMAN
RICHARD POTTER
```

1                  (Case called)
2                  THE COURT:  Now, I prefer of course to keep counsel in
3     the case and I understand that you may have a trial in Nevada.
4     Although, to be frank, many cases plead out and the statistics
5     are 97 percent of all federal cases plead out.  Therefore, the
6     chances statistically of your trial going forward in Nevada is
7     three percent.  But I am willing to work with you and -- the
8     trial will end the end of February, is that the estimate?
9                  MS. LURIA:  No.  I think it will end at probably the
10    middle of March.
11                 THE COURT:  I thought you told me it was four weeks.
12                 MS. LURIA:  Starting at the end of February, your
13    Honor.  I apologize.
14                 THE COURT:  Then we're back to a January date.  You
15    know I'm only joking.  I'm half serious.
16                 MS. LURIA:  I understand.
17                 THE COURT:  If it was taking up February I was going
18    to work with you and give you a late March date but I'm not
19    going to give you a May date.  I've never given a criminal
20    case, including far more complicated cases than this, anything
21    like that.  And in my mind it's totally inconsistent with the
22    Speedy Trial Act.
23                 MR. STONE:  May I suggest that we assume statistically
24    that it's unlikely the trial will go as long as Ms. Luria
25    appears it will and that we stick with your Honor's generous

1   offer of a March date.
2            THE COURT:  All right.  I could, but remember it's
3   going to be firm, fixed and final and that means if you have to
4   divide your forces or do whatever you have to do you are going
5   to have to do it because when I set a date it is firm.
6            MS. LURIA:  Your Honor, if you do set a March date, we
7   would ask that it not be the first week in March.
8            THE COURT:  I'm going to give you a late March date.
9            MS. LURIA:  Thank you.
10           THE COURT:  So let's just look at the calendar.
11           Since the reporter's still not here --
12           MS. LURIA:  No, no.  She's here.
13           MR. STONE:  She's here. we're on the record.
14           THE COURT:  Nevertheless, I'm going to go get my
15  personal calendar.  We'll continue this discussion on the
16  record.
17           (Case called)
18           MS. KEARNEY:  Good afternoon.
19           Benet Kearney, for the United States.  I'm joined at
20  counsel table by Special Agent Branden Racz.
21           THE COURT:  Good afternoon.
22           MS. LURIA:  Good afternoon, your Honor.
23           Amy Luria, of the firm of Critchley Kinum.  With me to
24  my right is my client, Peter G. Johnson.
25           THE COURT:  Good afternoon.

1                MR. STONE:  Good afternoon, your Honor.
2           Shalom Stone, with me is client, Peter B. Johnson
3                THE COURT:  Good afternoon.
4                MR. POTTER:  Good afternoon, your Honor.
5           My name is Richard Potter.  Here with me is Thomas
6      Reich, present to my right.
7                THE COURT:  Good afternoon.
8                MR. BRAVERMAN:  Sam Braverman, with my associate Mike
9      Giordano.  We are joining the trial team for Mr. Reich.  I've
10     already filed my notice of appearance.
11               THE COURT:  Good afternoon.  Please be seated.
12          Now, my understanding is the defendants were presented
13     but not arraigned; is that right?
14               MS. KEARNEY:  That's correct.
15               THE COURT:  OK.  Have all defendants read and have
16     counsel discussed with them the indictment?
17               MS. LURIA:  Yes, your Honor, for my client.
18               MR. STONE:  Yes, your Honor, on behalf of my client.
19               MR. BRAVERMAN:  Yes, your Honor, on behalf of
20     Mr. Reich.
21               THE COURT:  And would you like the indictment read
22     again here in open court or do you waive the public reading?
23               MS. LURIA:  We waive the public reading, your Honor.
24               MR. STONE:  We waive public reading, your Honor.
25               MR. POTTER:  We waive public reading, your Honor.

1        THE COURT:  And would you like a plea of not guilty
2   entered at this time?
3        MS. LURIA:  Yes, we would, your Honor, on behalf of
4   Peter G. Johnson.
5        MR. STONE:  Yes, your Honor, on behalf of Peter B.
6   Johnson.
7        MR. POTTER:  Yes, your Honor on behalf of Thomas
8   Reich.
9        THE COURT:  All right.  A plea of not guilty will be
10  entered for all three defendants.
11       How long does the government want to complete
12  discovery?
13       MS. KEARNEY:  Your Honor, we made an initial
14  production immediately before this proceeding consisting of
15  some documents, some of the defendant's statements and some, if
16  you will, highlight reel of some e-mail correspondence.  We
17  will be requesting two weeks to complete our production of the
18  more fulsome database of documents which amounts to over a
19  million documents.
20       THE COURT:  So two weeks strikes me as reasonable but
21  in light of the volume of the discovery I will in violation of
22  all my principles give you three weeks for completion of
23  discovery.
24       MS. KEARNEY:  And we appreciate that.
25       Thank you.

1           THE COURT:  So discovery will be completed by
2    September 1.
3           How long do counsel want for the making of any
4    motions?  So let me give you a hint.  I normally give two
5    weeks.  Since I've broken down and given the government three
6    weeks, I would normally give you three weeks.  If there's some
7    unusual reason why you need more time than that I will hear you
8    now.
9           MR. BRAVERMAN:  Judge, I have a trial before Judge
10   Sibel.  Is it possible that we could have something in the
11   first week of October which would be time to --
12          THE COURT:  You are co-counsel, are you not?
13          MR. BRAVERMAN:  Yes, sir, I am.
14          THE COURT:  So your other counsel can take care of
15   this.  That's not in my mind a valid reason.
16          Yes.
17          MR. STONE:  Mr. Johnson, my client has not yet decided
18   he is going to retain me for further proceedings.
19          THE COURT:  You are his lawyer and he is stuck with
20   you unless he wants to go to a pro se except upon further order
21   of the Court.
22          MR. STONE:  I understand, your Honor.  I'm mentioning
23   as an issue --
24          THE COURT:  And if new counsel comes in, new counsel
25   will be governed by the dates we set today.  So no one should

1    retain new counsel if that counsel doesn't tell the client

2    upfront that he or she is prepared to meet the schedule that we

3    are setting today.

4              MR. STONE:  Thank you, your Honor.

5              THE COURT:  You are welcome.

6              MS. LURIA:  Your Honor, it's more of a question for

7    the government which is how difficult it would be for us when

8    we get the rather large production to upload it onto a database

9    and access it because that, your Honor, could be a challenge on

10   our end for being able to review the documents.

11             THE COURT:  Well, that's a fair statement.  And of

12   course, I know the government will make every effort to be sure

13   you get indices that you get pointed towards documents that

14   particularly relate to your clients but you're right, there are

15   other logistics involved, so what about that?

16             MS. KEARNEY:  My understanding is the documents will

17   be produced in a format that is ready to be load onto a review

18   platform.  As the documents are being processed by the vendor

19   we can initiate the conversation about exactly what capability

20   if any review platform would need to have so that hopefully

21   with not to much delay.  Given that our vendor will take

22   several weeks to process, I think it may be a fair assessment

23   that we'll take at least several days to get something up onto

24   another review vendor.

25             MS. LURIA:  Your Honor, I would agree with the

1   government with regard to that but it may take a week or even
2   longer to get it up and running without any glitches.  While I
3   know the government will make every effort to make this a
4   smooth process.  Having dealt with vendors over the years, I
5   know that sometimes glitches occur with regard to technology.
6   So I would simply ask that your Honor stretch beyond a two or
7   three week period to allow us time --
8              THE COURT:  Well, glitches and technological glitches
9   of course occur in my experience they usually occur during
10  counsel's summations.  But all right, so how long do you want?
11             MS. LURIA:  I mean, I think I would ask for six weeks,
12  your Honor.
13             THE COURT:  I'm not going to give you six weeks.  But
14  let me go back to counsel who wanted, you wanted what, first
15  week of October?
16             MR. BRAVERMAN:  That would be great, judge.
17             THE COURT:  All right.  That's five weeks.
18             MS. LURIA:  Thank you, your Honor.
19             THE COURT:  So all motions must be filed by October 6.
20  And we will have a further conference on October 10 at four
21  p.m.  At that time if motions have been made, they can be dealt
22  with orally.  They will be.  If the motions require written
23  response, we'll set the date then for the written response and
24  the date for any hearings if there are any evidentiary hearings
25  that need to be held.

1     Now, let's talk about a trial date. I should reflect
2  that prior to going on the record the Court has suggested a
3  date of December 11. Counsel asked for a very brief addition
4  to that, until the end of March or so.
5     Having now looked at my other proceedings and matters
6  that I have, I'm willing to give you until April 10. I want
7  the assurance here in open court because that is much later
8  than this Court had in mind, that no one, no counsel -- and
9  this includes any successive counsel -- will seek any further
10 adjournment of that date on any ground, whatsoever, barring an
11 act of God. So do I have the government's assurance?
12     MS. KEARNEY: Yes. That date's fine for the
13 government.
14     MS. LURIA: Yes, your Honor.
15     MR. STONE: Yes, your Honor.
16     MR. POTTER: Yes, your Honor.
17     MR. BRAVERMAN: Yes, your Honor.
18     THE COURT: All right. Very good. So we will set
19 this down for nine a.m. on April 10.
20     MS. KEARNEY: Perhaps I pulled up the wrong screen on
21 my calendar but I believe that's a Tuesday.
22     THE COURT: I'm sorry. I'm looking at the wrong --
23 It's April 9. Thank you very much. But actually, why don't we
24 make it April 10, a Tuesday and you'll tell you why. Because
25 we can have a conference on April 9 and deal with any pretrial

1   matters and any motions in limine and stuff like that.  So we
2   will convene on April 9 at nine o'clock but the trial and
3   selection of the jury will start at nine o'clock on April 10.
4          You want to give me a ballpark as to how long you
5   think the trial is going to be.
6          MS. KEARNEY:  I think two to three weeks, your Honor.
7          THE COURT:  Is that all right with counsel?
8          MR. BRAVERMAN:  In the absence of having seen the
9   discovery, seems like a reasonable estimation.
10         THE COURT:  It'll go until it's completed but I just
11  wanted to get a rough idea.
12         MR. BRAVERMAN:  I can't imagine if the government's
13  case is two to three weeks, if the defense put on a case it
14  would be longer than a week it's unlikely.
15         THE COURT:  Right.  So I will put aside four weeks.
16  If it's a longer than that, so be it.  My experience is frankly
17  it usually goes shorter than what people imagine.
18         So pursuant to Section 3161 of Title 18, I will
19  exclude from calculations under the Speedy Trial Act all time
20  between now and April 10, finding that such time is necessary
21  for the review of the voluminous discovery, the making of
22  motions, the determination of motions, preparation for trial
23  and also because counsel had shared with me prior to going on
24  the record that several of them had other trial commitments
25  that also warrant this execution.

H8BAAJOHC                       Conference

1    So for those and other reasons, the best interests of
2    justice excluding such time substantially outweighs the
3    interests of the public and the defendants in a speedy trial.
4    anything else we need to take up today?
5    MS. KEARNEY:  Nothing from the government.
6    MS. LURIA:  Nothing, your Honor, from here.
7    MR. STONE:  Nothing, your Honor.
8    MR. POTTER:  No, your Honor.
9    MR. BRAVERMAN:  No, sir.
10   THE COURT:  Very good.  Thanks.
11                       (Adjourned)