i392BJohP kjc

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,              New York, N.Y.

4              v.                           17 Cr. 482(JSR)

5    PETER B. JOHNSON,

6                   Defendant.

7    ------------------------------x       Plea

8                                          March 9, 2018
                                           11:40 a.m.
9

10   Before:

11                       HON. JED S. RAKOFF,

12                                          District Judge

13

14                            APPEARANCES

15
     GEOFFREY S. BERMAN
16        Interim United States Attorney for
          the Southern District of New York
17   BY:  DANIEL M. TRACER
          Assistant United States Attorney
18

19   MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, PC
          Attorneys for Defendant
20   BY:  BRIAN A. JACOBS

21
     QUINN EMANUEL URQUHART & SULLIVAN, LLP
22        Attorneys for Defendant
     BY:  ALEX SPIRO
23

24   ALSO PRESENT:

25   SPECIAL AGENT BRANDON RACZ, F.B.I.

i392BJohP kjc

1          (Case called)

2          THE DEPUTY CLERK:  Will everyone please be seated and

3     will the parties please identify themselves for the record.

4          MR. TRACER:  Daniel Tracer for the government.  Good

5     morning, your Honor.  I am join by Special Agent Brandon Racz.

6          THE COURT:  Good morning.

7          MR. JACOBS:  Brian Jacobs, from Morvillo Abramowitz,

8     for the defendant Peter B. Johnson.

9          MR. SPIRO:  Alex Spiro, from Quinn Emanuel, on behalf

10    of Peter B. Johnson, as well.  Good morning.

11         THE COURT:  Good morning.

12         Again, my apologies for the delay.  As Mr. Jacobs well

13    knows, I am usually right on time.

14         I understand that the defendant wishes to withdraw his

15    previously entered plea of not guilty and enter a plea to Count

16    One of the indictment.  Is that correct?

17         MR. JACOBS:  Yes, your Honor.

18         THE COURT:  Place the defendant under oath.

19         (Defendant sworn)

20         THE COURT:  Please be seated.

21         Mr. Johnson, do you read, write, speak, and understand

22    English?

23         THE DEFENDANT:  Yes.

24         THE COURT:  I should have mentioned beforehand, let me

25    advise you that because you are under oath, anything that you

i392BJohP kjc

1   say that is knowingly false could subject you to punishment for

2   perjury or obstruction of justice or the making of false

3   statements.

4           Do you understand that?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  And how far did you go in school?

7           THE DEFENDANT:  I graduated from Brown University with

8   a B.A. in business economics and --

9           THE COURT:  Okay.  How old are you now?

10          THE DEFENDANT:  38.

11          THE COURT:  Are you currently employed?

12          THE DEFENDANT:  As of yesterday.

13          THE COURT:  And what is your current employment?

14          THE DEFENDANT:  I work as consultant to a commodity

15  trading company.

16          THE COURT:  Are you married or single?

17          THE DEFENDANT:  I am married.

18          THE COURT:  Do you have any children?

19          THE DEFENDANT:  Yes, three.

20          THE COURT:  And they live with you?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Now, have you ever been treated by a

23  psychiatrist or psychologist?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  And when was the most recent time when

i392BJohP kjc

1    that occurred?  Is that ongoing at present?

2              THE DEFENDANT:  Yes, last Friday, yes.

3              THE COURT:  Without getting into any specifics, what

4    is the general reason for your seeking that treatment?

5              THE DEFENDANT:  Anxiety and substance abuse.

6              THE COURT:  What is the substance abuse?

7              THE DEFENDANT:  Alcohol and prescription medication.

8              THE COURT:  Putting aside the substance you may have

9    abused, are you taking any prescription medications now?

10             THE DEFENDANT:  No.  No, your Honor.

11             THE COURT:  So none, for example, prescribed by the

12   psychiatrist or anything like that.

13             THE DEFENDANT:  No.  I'm 406 days sober today.

14             THE COURT:  Okay.

15             Have you ever been hospitalized for any mental

16   illness?

17             THE DEFENDANT:  No.  I did -- I was -- I went to a

18   rehab facility.

19             THE COURT:  I was going to get to that.

20             THE DEFENDANT:  I'm not sure if than counts.

21             THE COURT:  And the rehab facility was when?

22             THE DEFENDANT:  That was in January/February of --

23   well, 407 days ago.

24             THE COURT:  What was the prescription drug you were

25   abusing?

i392BJohP kjc

1                THE DEFENDANT:  Adderall.

2                THE COURT:  Now, with respect to the treatment, was

3    this for both alcoholism and the drug abuse at the same time

4    or --

5                THE DEFENDANT:  Yes.

6                THE COURT:  -- were they separate?

7                THE DEFENDANT:  I think they call it dual diagnosis.

8    It was also for anxiety at the time.

9                THE COURT:  Were you ever hospitalized for alcoholism?

10               THE DEFENDANT:  No.

11               THE COURT:  Were you ever hospitalized for the

12   Adderall abuse?

13               THE DEFENDANT:  No.

14               THE COURT:  In the last 24 hours, have you taken any

15   pill or medicine of any kind, even over-the-counter?

16               THE DEFENDANT:  No, your Honor.

17               THE COURT:  In the last 24 hours, have you taken any

18   alcohol or drug?

19               THE DEFENDANT:  No.

20               THE COURT:  Is your mind clear today?

21               THE DEFENDANT:  Yes, it is.

22               THE COURT:  Do you understand these proceedings?

23               THE DEFENDANT:  I do.

24               THE COURT:  On the basis of the defendant's responses

25   to my questions and my observations of his demeanor, I find he

i392BJohP kjc

1    is fully competent to enter an informed plea at this time.

2              Now, you have a right to be represented by counsel at

3    every stage of these proceedings.

4              Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  If at any time you can't afford counsel,

7    the court will appoint one to represent you free of charge

8    throughout the proceedings.

9              Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  You are represented, I just want to be

12   sure I understand this, by both of the two law firms that are

13   present here today?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  And have you discussed this plea with both

16   of them?

17             THE DEFENDANT:  Yes, I have.

18             THE COURT:  And are you satisfied with their

19   representation of you?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Have you had a full opportunity to discuss

22   this matter with them?

23             THE DEFENDANT:  Absolutely.

24             THE COURT:  And have you told them everything you know

25   about this matter?

i392BJohP kjc

1          THE DEFENDANT:  Yes, I have.

2          THE COURT:  You have been charged in Count One with

3     conspiracy to commit bank fraud and wire fraud.  Does counsel

4     want that count read again here in open court or do you waive

5     the public reading?

6          MR. JACOBS:  We waive the reading, your Honor.

7          THE COURT:  That count carries a maximum term of

8     imprisonment of 30 years, a maximum term of supervised release

9     of five years, a maximum fine of whichever is greatest, either

10    $250,000 or twice the amount of money derived from the

11    conspiracy or twice the loss to persons other than the

12    defendant resulting from the conspiracy, plus a $100 mandatory

13    special assessment, plus restitution.

14         Do you understand those are the maximum punishments

15    you face if you plead guilty to this crime?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  I understand that, nevertheless, you want

18    to plead guilty to this crime, is that right?

19         THE DEFENDANT:  Yes, I do.

20         THE COURT:  Before I can accept any plea of guilty, I

21    need to make certain that you understand the rights that you

22    will be giving up if you plead guilty, so let's go over those

23    now.

24         First you have the right to a speedy and a public

25    trial by a jury on the charges against you.

i392BJohP kjc

 1              Do you understand that?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  And, second, if there were a trial, you

 4     would be presumed innocent and the government would be required

 5     to prove your guilt beyond a reasonable doubt before you could

 6     be convicted of any charge.

 7              Do you understand that?

 8              THE DEFENDANT:  Yes, your Honor.

 9              THE COURT:  Third, at the trial, you would have the

10     right to be represented by counsel; and, once again, if at any

11     time you could not afford counsel, the court would appoint one

12     to represent you free of charge throughout the trial and all

13     other proceedings.

14              Do you understand that?

15              THE DEFENDANT:  Yes.

16              THE COURT:  Fourth, at the trial, you would have the

17     right to see and hear all of the witnesses and other evidence

18     against you, and your attorney could present evidence on your

19     own behalf if you so desired and could cross-examine the

20     government's witnesses and object to the government's evidence,

21     and could have subpoenas issued to compel the production of

22     witnesses and other evidence on your behalf.

23              Do you understand all of that?

24              THE DEFENDANT:  Yes.

25              THE COURT:  Fifth, at the trial, you would have the

i392BJohP kjc

1    right to testify if you wanted to, but no one could force you

2    to testify if you did not want to, and no suggestion of guilt

3    could be drawn against you simply because you chose not to

4    testify.

5              Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And, finally, even if you were convicted,

8    you would have the right to appeal your conviction.

9              Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Do you understand that if you plead

12   guilty, you will be giving up each and every one of the rights

13   that we just discussed?

14             Do you understand that?

15             THE DEFENDANT:  I do understand.

16             THE COURT:  Now, I advised you previously of the

17   maximum penalty, but in determining sentence, if you plead

18   guilty, the court will look to many factors, and one of those

19   factors is the sentencing guidelines.  In that connection, I

20   have received an earlier version of a letter.  Do we have a

21   signed version?

22             MR. TRACER:  Yes, your Honor.

23             THE COURT:  So I will mark the signed version as Court

24   Exhibit 1 to today's proceeding, and it takes the form of a

25   letter from government counsel to defense counsel, and it

i392BJohP kjc

1    appears, Mr. Johnson, that you signed it earlier today, is that

2    right?

3              THE DEFENDANT:  That's right.

4              THE COURT:  Before signing it, did you read it?

5              THE DEFENDANT:  I did.

6              THE COURT:  Did you discuss it with your lawyers?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Did you understand its terms?

9              THE DEFENDANT:  I did.

10             THE COURT:  And did you sign it in order to indicate

11   your agreement to its terms?

12             THE DEFENDANT:  I did.

13             THE COURT:  Now, this letter agreement that we have

14   now marked as Court Exhibit 1 is binding between you and the

15   government, but it is not binding on me.  It is not binding on

16   the court.

17             Do you understand that?

18             THE DEFENDANT:  I do understand.

19             THE COURT:  For example, the letter says that you and

20   the government have stipulated that the guideline range is 188

21   to 235 months in prison.  I may agree with that calculation or

22   I may disagree with that calculation.  Even if I agree with

23   that calculation, I may sentence you to more or less or

24   anywhere in between; and regardless of where I come out, if you

25   plead guilty, you will still be bound by my sentence.

i392BJohP kjc

1              Do you understand that?

2              THE DEFENDANT:  I do, your Honor.

3              THE COURT:  More generally, do you understand that if

4    anyone has made any kind of promise or prediction or estimate

5    or representation to you of what your sentence will be in this

6    case, that person could be wrong and, nevertheless, if you

7    plead guilty, you will still be bound by my sentence.

8              Do you understand that?

9              THE DEFENDANT:  I do.

10             THE COURT:  Does the government represent that this

11   letter agreement is the entirety of any and all agreements

12   between the government and Mr. Peter B. Johnson?

13             MR. TRACER:  We do, your Honor.

14             There is one thing that the defense counsel has asked

15   me to place on the record, which I am happy to do.  I have

16   informed defense counsel that it is my intention -- I cannot

17   bind the office at this point, but to recommend at the time of

18   sentencing that the court impose a sentence below the

19   recommended guidelines here.  I would just say that, as I have

20   told defense counsel, that is subject to any new information in

21   the PSR that I am not aware of and at this point I cannot bind

22   the office on that, but I have made that clear, and I think

23   that we would like to put it on the record.

24             THE COURT:  Thank you for bringing that to my

25   attention.

i392BJohP kjc

1              So with that addition, which is not a promise, but at

2    this point just a representation of a possibility, does defense

3    counsel agree that this letter agreement is the entirety of any

4    and all agreements between the government and your client?

5              MR. JACOBS:  Yes, your Honor.

6              THE COURT:  And, Mr. Johnson, do you agree with that

7    as well?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Mr. Johnson, other than the government,

10   has anyone else made any kind of promise to you to induce you

11   to plead guilty?

12             THE DEFENDANT:  No, your Honor.

13             THE COURT:  Has anyone threatened or coerced you in

14   any way to get you to plead guilty?

15             THE DEFENDANT:  No.

16             THE COURT:  Does the government represent that if this

17   case were to go to trial it could, through competent evidence,

18   prove every essential element of this charge beyond a

19   reasonable doubt?

20             MR. TRACER:  Yes, your Honor.

21             THE COURT:  Does defense counsel know of any valid

22   defense that would likely prevail at trial or any other reason

23   why his client should not plead guilty?

24             MR. JACOBS:  No, your Honor.

25             THE COURT:  Then, Mr. Johnson, tell me in your own

i392BJohP kjc

1    words what it is that makes you guilty of this charge.

2            MR. JACOBS:  Your Honor, Mr. Johnson has a written

3    allocution.

4            THE COURT:  Yes.  That's fine.  I may interrupt for

5    questions, but he can read that.

6            THE DEFENDANT:  Okay.  Between 2003 and 2016, I served

7    as the managing director, or *geschaftsfuhrer*, of Euromar, the

8    German cocoa processing company affiliated with Transmar Group.

9    My father, Peter G. Johnson, was CEO of Transmar U.S.A. and

10   chairman of Transmar Commodity Group.

11           From approximately 2014 until late 2016, I

12   periodically made suggestions for collateral to include on

13   Transmar's borrowing base reports which were submitted by

14   others on behalf of Transmar to a syndicate of banks that

15   provided Transmar with a revolving credit facility.

16           Between 2014 and 2016, I agreed with individuals at

17   Transmar to participate in a scheme to falsely represent the

18   financial condition of Transmar so --

19           THE COURT:  Who were the other individuals?

20           THE DEFENDANT:  I'm sorry?

21           THE COURT:  Who were the other individuals with whom

22   you had this agreement?

23           THE DEFENDANT:  Peter -- my father and Tom Reich,

24   amongst several other people at the company.

25           THE COURT:  Okay.  Go ahead.

i392BJohP kjc

1          THE DEFENDANT:  To participate in a scheme to falsely

2     represent the financial condition of Transmar so that it could

3     obtain financing from the banks and so that it could continue

4     to support the amount that it had already borrowed under the

5     credit facility.

6          I took various actions in furtherance of this

7     agreement.  For instance, in and around 2014, I learned that

8     Transmar employees had been including fictitious inventory on

9     Transmar's borrowing base reports.  Despite this knowledge, I

10    suggested transactions, some of which were implemented, that

11    effectively concealed from the banks that Transmar had

12    previously included these false entries on its borrowing base

13    reports that reflected the fake inventory.

14          Some of my communications in furtherance of the

15    agreement were via e-mail, which I understand is transmitted

16    over interstate wires.

17          THE COURT:  So as I understand it, this was a scheme

18    to defraud that you agreed to with several others that

19    contemplated the misrepresentations, among others, that you

20    just mentioned.  Do I have that right?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  And it was for the purpose of obtaining or

23    maintaining your access to money and property that otherwise

24    you could not if the truth had come out, obtain or retain, yes?

25          THE DEFENDANT:  That's right.

i392BJohP kjc

1          THE COURT:  And you knew that it, therefore, bore the

2     risk of harm, economic harm to others, yes?

3          THE DEFENDANT:  That's right.

4          THE COURT:  And you did all this knowingly and knowing

5     it was wrong, yes?

6          THE DEFENDANT:  I did.

7          THE COURT:  Is there anything else regarding the

8     factual portion of the allocution that the government wishes

9     the court to inquire about?

10          MR. TRACER:  Nothing further to inquire.  I can

11     proffer to your Honor that some of the banks in the syndicate

12     were insured by the FDIC.

13          THE COURT:  Thank you for mentioning that.

14          Is there anything else regarding -- oh, I should

15     mention I have been furnished with a consent preliminary order

16     of forfeiture; and, Mr. Johnson, you have gone over that as

17     well?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And you have consented to that?

20          THE DEFENDANT:  I have.

21          THE COURT:  And your signature was signed in the copy

22     that I have, and you signed it earlier today, yes?

23          THE DEFENDANT:  Yes, I did.

24          THE COURT:  Is there anything else regarding any

25     aspect of the allocution that either counsel wishes the court

i392BJohP kjc

1    to further inquire about before I ask the defendant to formally

2    enter his plea?

3            Anything else from the government?

4            MR. TRACER:  No, your Honor.

5            THE COURT:  Anything from the defense.

6            MR. JACOBS:  No, your Honor.

7            THE COURT:  Then, Mr. Johnson, in light of everything

8    we have now discussed, how do you now plead to Count One of

9    indictment 17 Cr. 482?  Guilty or not guilty.

10           THE DEFENDANT:  Guilty.

11           THE COURT:  Because the defendant has shown that he

12   understands his rights, because he has admitted his guilt as

13   charged, because there is an independent -- or he has supplied

14   and the government has added sufficient facts to satisfy each

15   of the essential elements of the offense, and because his plea

16   is entered knowingly and voluntarily, I accept his plea and

17   adjudge him guilty of Count One of Indictment 17 Cr. 482.

18           Now, I will sign now the consent order on forfeiture

19   and money judgment and give it to my courtroom deputy to

20   docket.

21           Mr. Johnson, the next stage of this process is that

22   the probation office will prepare what's called a presentence

23   report to assist me in determining sentence.  You can have your

24   counsel there to advise you of your rights; but, under my

25   practices, if you want to qualify for the full credit for

i392BJohP kjc

1    acceptance of responsibility, you need to personally answer the

2    questions put to you by the probation officer, not allow your

3    counsel to answer those questions.

4              Do you understand?

5              THE DEFENDANT:  I do.

6              THE COURT:  After that report is in draft form but

7    before it is in final form, you and your counsel and also

8    government counsel have the chance to review it and to offer

9    suggestions, corrections, and additions to the probation

10   officer who will then prepare the report in final to come to

11   me.

12             Independent of that, counsel for both sides are hereby

13   given leave to submit to the court in writing any and all

14   materials bearing on any aspect of sentence, provided those

15   materials are submitted no later than one week before sentence.

16             We will set the sentence down for August 6 at 4 p.m.

17             All right.  Anything else we need to take up today?

18             MR. TRACER:  No, your Honor.

19             MR. JACOBS:  No, your Honor.  Thank you.

20             THE COURT:  Very good.  Thanks a lot.
                                 oOo

21

22

23

24

25